IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

*Southern Division*

| | |
|---|---|
| **ABDELRAHIM AYYAD,** * | |
| Petitioner, * | |
| v. | Civil Case No.: GJH-17-2941 |
| * | Criminal Case No.: GJH-15-0157 |
| **UNITED STATES OF AMERICA** | |
| * | |
| Respondent. | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

*Pro se* Petitioner Abdelrahim Ayyad was sentenced to 174 months of imprisonment, to be followed by a term of supervised release of five years, after he pleaded guilty to three counts of interference with interstate commerce by robbery and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence. ECF No. 87. Pending before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 94. No hearing is necessary to resolve the motion. *See* 28 U.S.C. § 2255(b); *Zelaya v. United States*, No. DKC-10-2509, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013). For the following reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied.

**I.    BACKGROUND**

By a Superseding Indictment issued on February 1, 2016, a grand jury for the District of Maryland charged Petitioner with various crimes related to the robberies of a jewelry store and a

pharmacy.[1] ECF No. 38. Specifically, Petitioner was charged with conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Conspiracy") ("Count One"); two counts of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Robbery") ("Counts Two and Four"); and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count Three"). *Id.*

On May 31, 2016, just prior to the start of the scheduled jury trial on the pending charges, Petitioner was arraigned and pleaded guilty to all counts in the Superseding Indictment. ECF No. 62. No written plea agreement was filed with the Court. *Id.* Following a sentencing hearing on October 11, 2016, ECF No. 83, the Court sentenced Petitioner to 174 months of imprisonment, ECF No. 87. Specifically, the Court sentenced Petitioner to 90 months for Counts One, Two, and Four and a consecutive term of 84 months for Count Three. *Id.* The judgment became final on October 14, 2016. *Id.* The docket does not reflect that Petitioner ever filed an appeal challenging his convictions.

On October 4, 2017, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, alleging ineffective assistance of counsel. ECF No. 94. The Government filed a response on November 6, 2017, ECF No. 99, and Petitioner filed a reply on December 4, 2017, ECF No. 100.[2]

---

[1] A grand jury for the District of Maryland previously issued an Indictment related to the same robberies on April 6, 2015. ECF No. 1. Petitioner was arraigned and pleaded not guilty to all four counts in the Indictment. ECF No. 17.
[2] In a Supplemental Motion filed on March 30, 2019, Petitioner challenged the constitutionality of his conviction under 18 U.S.C. § 924(c) for use of a firearm during and in relation to Hobbs Act Robbery in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 101. Since Petitioner filed the Supplemental Motion, however, the Fourth Circuit has found that Hobbs Act Robbery still qualifies as a "crime of violence" under § 924(c)'s force clause. *See United States v. Mathis*, 93 F.3d 242, 266 (4th Cir. 2019). The Supplemental Motion is therefore denied.

2

## II. MOTION UNDER 28 U.S.C. § 2255

### A. Standard of Review

To be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows that the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

Petitioner contends that he is entitled to relief under § 2255 because he received ineffective assistance of counsel. Under the Sixth Amendment to the United States Constitution, a criminal defendant has the right to effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 (1970). To establish a redressable claim of ineffective assistance of counsel, a petitioner much show (1) that counsel's performance was deficient and (2) prejudice resulted from counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 692 (1984). A deficient performance is one that falls below an objective standard of reasonableness, *id.* at 687–88, such that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," *Harrington v. Richter*, 562 U.S. 86, 104 (2011); *see also United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). Those errors are prejudicial when "there is a reasonable probability that, but for the counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Courts are "highly deferential" to counsel's tactical decisions and petitioners must overcome the strong

presumption that the challenged action falls within "the wide range of reasonable assistance." *Id.* at 689.

### B. Discussion

Petitioner proffers three grounds to support the ineffective assistance of counsel claim raised in his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *See* ECF No. 94-1 at 5.[3] Each ground arises from Counsel's performance during the plea proceedings. *Id.* at 4. Petitioner alleges that Counsel was ineffective in (1) informing him that he had no defense to the charges and advising him to plead guilty, *id.* at 5; (2) failing to inform him of the availability of written plea agreements, and thereby failing to solicit a fair plea agreement, *id.* at 5–6; and (3) advising him that he would get no more than a ten-year sentence if he entered a guilty plea in open court, ECF No. 94 at 4. The Court will address each ground separately.

#### i. Ground One

First, Petitioner contends that his trial counsel provided ineffective assistance by informing him that he had no defense to the allegations in the Superseding Indictment and advising him to plead guilty. ECF No. 94-1 at 5. To establish prejudice in challenges to guilty pleas, a petitioner must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, Petitioner does not allege that he would have stood trial. Rather, he concedes that had he received different advice from counsel he would have merely sought to negotiate a written plea agreement, which would still have required him to plead guilty. Thus, Petitioner cannot show that "counsel's constitutionally ineffective performance affected the outcome of the plea process," *Hill*, 474 U.S. at 59, and he therefore fails to establish that he suffered prejudice. Accordingly, this argument

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

provides no basis for granting Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

### ii. Ground Two

Next, Petitioner contends that Counsel failed to inform him of the availability of written plea agreements, which he argues may have allowed him to "obtain benefits" and "negotiate the dismissal of select allegations." ECF No. 94-1 at 5–6. According to Petitioner, this failure to obtain a written plea agreement for his morning-of-trial plea amounts to a violation of his Sixth Amendment rights.[4] *Id.* A defendant, however, has "no constitutional right to plea bargain," *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977), nor a right to have a plea accepted by the court, *Santobello v. New York*, 404 U.S. 257, 262 (1971); *see also Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1297 n.19 (4th Cir. 1992). But even if he could show that Counsel's conduct in failing to inform him about the availability of written plea agreements was deficient, Petitioner cannot show by a preponderance of the evidence that the Government would have offered him a written plea agreement on the morning of trial, that the Court would have accepted it, or that the hypothetical plea agreement would have resulted in a more favorable sentence. Thus, he cannot show that he suffered prejudice as a result of any alleged deficiency.

In his reply brief, Petitioner asserts that his counsel failed to inform him until his sentencing that the Government had previously proposed a written plea agreement of ten years, which his counsel allegedly turned down. ECF No. 100 at 2–3. Petitioner argues that with effective counsel, he would have accepted the ten-year plea offer. *Id.* at 4. Nothing in the record

---

[4] Petitioner cites to the transcript of the plea hearing, *see* ECF No. 99-1 at 2, to support his assertion that the Court "appeared confused as to how the plea agreement was working" and questioned Counsel multiple times as to whether there was an agreement, suggesting that if the Court was confused, clearly Petitioner would be as well, *see* ECF No. 100 at 3. The record reflects, however, that the Court probed counsel as to whether specific terms had been agreed to, despite the lack of a written agreement, and was informed that there was no agreement as to the sentencing guidelines, but only regarding conditions of release and a two-level reduction for Petitioner's acceptance of responsibility. *See* ECF No. 99-1 at 3.

supports Petitioner's assertion that the Government had previously offered a written plea agreement. To the contrary, during the plea colloquy, in the presence of Petitioner and government counsel, Petitioner's counsel stated "[t]here were no formal plea offers made, other than the ones that ultimately were accepted today . . . I think we had articulated to the Court [at the Pre-Trial Conference] there had been no interest expressed in seeking any plea offers at that point." ECF No. 99-1 at 22–23.

Accordingly, this ground does not support Petitioner's ineffective assistance of counsel claim.

### iii.    Ground Three

Finally, Petitioner contends that he was informed by counsel that his sentence would be no longer than ten years if he entered a guilty plea in open court. ECF No. 94 at 5. This argument is not supported by the record and cannot support an ineffective assistance of counsel claim. The record of Petitioner's Rule 11 hearing demonstrates that the Court conducted a full colloquy, during which it advised Petitioner of the possible penalties, potential severity, and consequences of his guilty plea. *See* ECF No. 99-1 at 10–13. In doing so, the Court remedied any possible prejudice to Petitioner from his counsel's alleged misinformation. *See, e.g.*, *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("[E]ven if Foster's trial counsel provided Foster incorrect information about sentencing, Foster was in no way prejudiced by such information given the trial court's careful explanation of the potential severity of the sentence.").

Furthermore, statements made by a defendant under oath during a Rule 11 hearing are binding on him absent "clear and convincing evidence to the contrary." *Fields*, 956 F.2d at 1299. Petitioner stated, under oath, that no promises were made to convince him to enter a plea of guilty. ECF No. 99-1 at 22. He affirmed that he understood the offense to which he was pleading

guilty, *id.* at 6, that he understood the possible penalties, *id.* at 11, and that he still desired to plead guilty to all four counts in the Superseding Indictment, *id.* at 25. Accordingly, Petitioner's current allegations are undercut by the binding statements made under oath during the Rule 11 colloquy, and he "presents no evidence that suggests his representations during his plea were untruthful or involuntary, and he is therefore rightly bound by his sworn statements." *See Fields*, 956 F.2d at 1299. This argument therefore cannot support an ineffective assistance of counsel claim.

Because Petitioner has failed to provide any meritorious grounds to support his ineffective assistance of counsel claim, his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Because the accompanying Order is a final order adverse to the applicant, Petitioner must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

Where, as here, a petition is denied on procedural grounds, the Petitioner satisfies the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner has not made the requisite showing, the Court declines to issue a certificate of

appealability.[5]

## IV.     CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. A Certificate of Appealability will not issue. A separate Order shall follow.


Date: August  17, 2020                                           __/s/_____
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge

---

[5] Petitioner may request a certificate from the United States Court of Appeals for the Fourth Circuit. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).